UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-81105-Civ-Hurley/Hopkins

SENSORMATIC ELECTRONICS
CORPORATION,

    Plaintiff,

vs.

THE TAG COMPANY US LLC,
PHENIX LABEL COMPANY, and
DENNIS GADDONIEX,

    Defendants.
_____/

### PLAINTIFF SENSORMATIC ELECTRONICS CORPORATION'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD BY DEFENDANTS ON THE BASIS OF PRIVILEGE, AND MEMORANDUM IN SUPPORT THEREOF

On October 26, 2007, Defendants The TAG Company US LLC ("TAG"), Phenix Label Company ("Phenix"), and Dennis Gadonniex (collectively, "Defendants") served on Plaintiff Sensormatic Electronics Corporation ("Sensormatic") an expert report[1] co-authored by Defendants' attorney, Ernest D. Buff, Esq., and his employee and colleague at Ernest D. Buff & Associates, LLC, Gordon Fish, Ph.D.[2] It is settled law that by designating Buff and Fish as experts, Defendants have waived privilege over communications related to the subject matter of the Patents-in-Suit. Defendants, however, deny that they have broadly waived privilege, and

---

[1] "Expert Report of Ernest D. Buff, Esq. and Gordon Fish, Ph.D." (attached as Exhibit 1).

[2] In filing this Motion, Sensormatic does not acknowledge the validity of Defendants' expert report or that either Buff or Fish is properly qualified to serve as an expert witness. Sensormatic reserves its rights to separately address the substance of the report, the adequacy of Buff's and Fish's qualifications, and the propriety of Defendants' use of its counsel as an expert witness.

although they undoubtedly have intended to designate Buff and Fish as expert witnesses for some time, they continue to delay before producing any documents previously claimed as privileged. The Court should order Defendants immediately to produce the documents identified in all entries on Defendants' Third Amended Privilege log (attached as Exhibit 2), with the exception of documents involving only Defendants' trial counsel, the Waters Law Group.[3]

Sensormatic respectfully requests expedited consideration of this motion. The discovery cutoff is approaching, and the parties have scheduled depositions of the key witnesses for later this month.[4] Although Defendants have been on notice since May 2007 that reliance on the opinion of their attorney Buff would effect waiver of privilege, they continue to assert privilege and to refuse or delay production of documents that would be highly pertinent to the upcoming depositions. Moreover, with the privilege waived, a number of the depositions that Sensormatic has conducted thus far may need to be reconvened due to the new avenues of questioning that will now be open to Sensormatic, and these resumed depositions also must be promptly scheduled in the limited remaining discovery period. Accordingly, expedited consideration is necessary to avoid delays in the orderly progress of this case to trial in February 2008.

For the reasons stated in the following memorandum, Sensormatic respectfully moves this Court to compel the immediate production of the requested documents.

---

[3] If the descriptions in Defendants' Third Amended Privilege Log are accurate, and the following documents reflect communications between trial counsel and his clients alone (and no non-privileged witnesses), then Sensormatic is not, with this Motion, seeking production of documents identified in privilege log entries No. 11, 12, 22, 23, 24, 25, 33, 36, 37, 38, 39, 41, 43, 58, 59, 60, 136, 137, 160, 214, 215, 216, and 241.

[4] In particular, Sensormatic has noticed the depositions of Phenix CEO Hans Peter (November 19), defendant Dennis Gadonniex (November 20), TAG CEO Mark Krom (November 29), and TAG consultant Norman Hansen (November 30).

I. **FACTUAL BACKGROUND**

   A. **Sensormatic's Discovery Requests**

Discovery in this matter has been ongoing for many months. Sensormatic has served requests for production of documents on Defendants TAG and Phenix, among them requests for "[d]ocuments relating to the Patents-in-Suit, including documents relating to (a) any analysis or opinion relating to infringement or non-infringement of the Patents-in-Suit; (b) any analysis or opinion relating to the validity or invalidity of the Patents-in-Suit; (c) any analysis or opinion relating to the enforceability or unenforceability of the patents-in-Suit; [and] (f) any communications between [TAG or Phenix] and any other party relating to the Patents-in-Suit."[5] The requests also included "[d]ocuments and things relating to [TAG's or Phenix's] efforts or plans to design-around the Patents-in-Suit."[6] Sensormatic also served requests seeking all documents relating to the development and characteristics of Defendants' labels[7] and all documents and things in Defendants' possession, custody or control relating to Sensormatic's labels.[8] Sensormatic also requested production of "all documents and things reviewed or prepared in connection with this case by any person whom Defendants may or will call as an expert witness at trial."[9]

---

[5] Plaintiff Sensormatic Electronics Corporation's First Request for the Production of Documents and Things (Nos. 1-41) to Defendant The TAG Company US LLC (attached as Exhibit 3), Request No. 8; Plaintiff Sensormatic Electronics Corporation's First Request for the Production of Documents and Things (Nos. 1-36) to Defendant Phenix Label Company (attached as Exhibit 14), Request No. 8.

[6] Exhibit 3, Request No. 9; Exhibit 14, Request No. 9.

[7] Exhibit 3, Requests No. 2, 3; Exhibit 14, Requests No. 2, 3.

[8] Exhibit 3, Request No. 7; Exhibit 14, Request No. 7.

[9] Exhibit 3, Request No. 41; Exhibit 14, Request No. 36.

TAG and Phenix consistently interposed general objections to all of Sensormatic's requests "to the extent they seek information protected by the attorney-client privilege [or] work-product doctrine."[10] This objection extended to all communications involving Buff.

**B.     The Role of Buff**

Buff's representation of Defendants has been as broad as it is longstanding, and has been integral to Defendants' development and marketing of their infringing Series 58 product. In addition to relying heavily on Buff's extensive strategic advice and counsel in anticipation of the present litigation,[11] Defendants have obtained numerous patent opinion letters from Buff to support Defendants' application for intellectual property insurance in anticipation of this litigation,[12] to bolster Defendants' appeal for venture capitalist funding for their Series 58 project,[13] and for use in Defendants' Series 58 marketing campaign.[14] Buff & Associates also represented Phenix in requesting ex parte reexamination of two of the Patents-in-Suit (Patent Nos. 5,729,200 and 6,181,245), where Buff argued unsuccessfully on behalf of Phenix before the United States Patent and Trademark Office that those two patents were invalid for anticipation

---

[10] Defendant The Tag Company US LLC's Responses to Plaintiff Sensormatic Electronics Corporation's First Request for the Production of Documents and Things (Nos. 1-36) (attached as Exhibit 4), General Objection No. 4; Defendant Phenix Label Company's Responses to Plaintiff Sensormatic Electronics Corporation's First Request for the Production of Documents and Things (Nos. 1-36) (attached as Exhibit 15), General Objection No. 4.

[11] *See, e.g.*, Exhibit 2, Nos. 6, 8, 9, 10, 13, 127, 128, 133.

[12] *See* "Intellectual Property Insurance Policy" (attached as Exhibit 5) at ARN001148.

[13] *See* Letter from Mark Krom to Patrick Teroerde, Director, Adurion Capital Ltd. (May 18, 2006) (This document has been designated as Attorneys' Eyes Only by Defendants. A copy will be made available to the Court if it wishes to review the document).

[14] *See* Letter from Ernest D. Buff, Esq. to Mark Hibshman, Technical Sales Executive, Phenix Label (May 30, 2006). (This document has been designated as Attorneys' Eyes Only by Defendants. A copy will be made available to the Court if it wishes to review the document.)

and obviousness. Defendants' trial counsel have explicitly acknowledged that Buff & Associates are "outside counsel" for Defendants,[15] and even attempted to designate Buff as "in-house counsel" for purposes of the confidentiality agreement between the parties.[16]

Recognizing Buff's extensive involvement in this case as advisor and advocate, and noting Defendants' broad assertion of privilege, Sensormatic asked Defendants early in discovery to confirm that Buff would not be called as a witness.[17] When Defendants continued to assert privilege over all communications involving Buff, Sensormatic wrote Defendants' trial counsel again, stating that unless Defendants indicated otherwise within ten days, Sensormatic would "assume the privilege is not being waived and that Defendants will be precluded from offering any testimony or evidence relating to [counsel's] opinions at trial."[18] Defendants continued to withhold hundreds of documents responsive to Sensormatic's discovery requests on privilege grounds. Sensormatic has taken seven depositions since July 2, all without the benefit of those documents.

C.    **The Withheld Documents**

The breadth and scope of the information that Defendants have withheld is evident from Defendants' Third Amended Privilege Log. Defendants' log identifies 262 documents that Defendants have withheld on the grounds of privilege, spanning from January 2003 through September 2007. Because Defendants have been consulting Buff & Associates since at least

---

[15] *See, e.g.*, Exhibit 2, Nos. 1, 2, 5, 6, 8.

[16] *See* E-mail from Robert Waters, counsel for Defendants, to David Kiernan, counsel for Sensormatic (April 13, 2007) (attached as Exhibit 6).

[17] *See* E-mail from David Kiernan to Robert Waters (May 11, 2007) (attached as Exhibit 7) ("Mr. Buff can't serve as an alleged 'expert' here . . . without waiving any privilege that might otherwise exist.").

[18] Letter from David Kiernan to Robert Waters (July 2, 2007) (attached as Exhibit 8).

January 1, 2004, and because Defendants claim to have "anticipated" litigation since at least that date,[19] the scope of documents Defendants have withheld is both topically and temporally broad. Buff's name appears on the log more than that of any other attorney.[20] In fact, Buff is listed in over three times as many privilege-log entries as Defendants' chief litigation counsel, Waters Law Group. Among the documents Defendants have withheld on the grounds of privilege are:

- Hundreds of communications on dozens of topics that are responsive to Sensormatic's requests and go directly to the merits of Defendants' willful, ongoing infringement of the Patents-in-Suit, including, *e.g.*, "European Patent Litigation," Exhibit 2 No. 1; "AC Deactivation Testing," *id.* No. 2, 69; "DC Magnetization Test," *id.* No. 5; "IP position involving EAS markers," *id.* No. 29; "limited common interest," *id.* No. 49; "Testing data," *id.* No. 61; "Customer Patent Infringement Suit Letter," *id.* No. 62-63; "Material Specifications," *id.* No. 67; "legal advice and strategy re: Opposition to European Patent," *id.* No. 68; "patent opinion on EAS marker now identified in this litigation," *id.* No. 71; "Patent Opinion on Series 58 marker," *id.* No. 72, "IP position on Series 58 markers," *id.* No. 73-74; "joint defense agreement," *id.* No. 75, "patent review of possible infringement," *id.* No 79; "trademark registration for Series 58 tags," *id.* No. 80, 115; "legal opinion provided . . . with respect to development of Series 58 AM label," *id.* No. 115; and "summary of patents on AM surveillance markers," *id.* No. 126.

---

[19] *See, e.g.*, Exhibit 2, No. 13; *see also* TAG 30(b)(6) Deposition, Oct. 17, 2007, at 141-42. (This deposition transcript has been designated as Attorneys' Eyes Only by Defendants. A copy will be made available to the Court if it wishes to review the document.)

[20] *See* Exhibit 2, Nos. 1-10, 13, 34, 35, 42, 49, 50, 52, 55, 56, 62-65, 67-70, 76, 81, 82, 91, 97, 98, 100-103, 105, 107, 108, 112, 115-118, 121-123, 127, 128, 133-135, 138-142, 144, 148-152, 156, 157, 159, 179, 181, 184-188, 192-194, 197-200, 201, 203, 205-212, 218, 225, 226, 229, 232, 234, 242, 244, 245, 248, 252, 253, 255, 256, 258, 259, and 262.

- Scores of responsive communications to which the primary witnesses in this case – Dennis Gadonniex, Norman Hansen, Kathie Bulson, Mark Krom, Mark Hibshman, and Hans Peter – were parties.[21]

- More than 40 documents related to the legal opinions of Buff and others. These include both written and oral opinions as to the infringement and validity of the Patents-in-Suit.[22]

- Numerous communications with counsel other than Buff & Associates, among them Gunster, Yoakley & Stewart, P.A.; Paul Kashimba, Esq.; Hiren Patel, Esq.; Patrick Teroerde, Esq.; Martin Hyden, Esq.; John Leeming, Esq.; Toby Hopkins, Esq.; Hugh Tebay, Esq.; and Garey Butler, Esq. that relate to the Patents-in-Suit.[23]

Defendants' refusal to provide discovery has also extended to the depositions taken in this case to date. As late as October 17, 2007, Defendants' trial counsel instructed Kathie Bulson, TAG's designee for a 30(b)(6) deposition on the topic of TAG's misappropriation of Sensormatic trade secrets, not to disclose "attorney-client communications" with Buff.[24]

---

[21] See Exhibit 2, Nos. 1, 2, 3, 4, 5, 6, 8, 10, 34, 35, 42, 49, 50, 52, 56, 62, 63, 64, 65, 67, 68, 69, 70, 76, 81, 82, 91, 97, 98, 100, 101, 102, 103, 105, 112, 115, 116, 117, 118, 121, 122, 123, 127, 128, 133, 134, 135, 138, 139, 140, 141, 142, 144, 148, 149, 150, 151, 152, 156, 157, 159, 179, 181, 184, 185, 186, 188, 192, 193, 194, 195, 197, 201, 203, 204, 206, 207, 208, 209, 210, 211, 212, 218, 225, 226, 229, 232, 234, 242, 244, 245, 248, 252, 253, 255, 256, 258, 259, and 262.

[22] See Exhibit 2, Nos. 55, 62, 63, 67, 82, 100, 102, 103, 116, 117, 118, 121, 123, 142, 144, 148, 149, 150, 151, 152, 157, 159, 179, 184, 185, 186, 192, 201, 218, 225, 226, 229, 232, 234, 242, 244, 245, 248, 252, 255, 256, 258, and 259.

[23] See, e.g., respectively, Exhibit 2, Nos. 7, 8, 11, 14, 26, 68, 79, and 213.

[24] TAG 30(b)(6) Deposition, Oct. 17, 2007, at 30-35. (This deposition transcript has been designated as Attorneys' Eyes Only by Defendants. A copy will be made available to the Court if it wishes to review the document.)

### D. Buff's Designation as an Expert Witness

On October 26, 2007, Defendants designated as "expert witnesses" Buff and Fish, a patent agent with Ernest D. Buff & Associates, LLC. They submitted a 62-page "Expert Report" opining on the validity, infringement, and enforceability of the Patents-in-Suit.[25]

### E. Attempts To Obtain the Discovery Without Court Intervention

Promptly after receiving the Buff expert report, Sensormatic asked Defendants immediately to produce all documents relating to the subject matter of the Patents-in-Suit that had been withheld on privilege grounds.[26] Despite undoubtedly having known for some time that they would designate Buff as an expert, Defendants insisted they needed more time to schedule and conduct a meet-and-confer session.[27] When Sensormatic emphasized the urgency of the situation,[28] Defendants' counsel responded with a letter that conceded that the designation of Buff as an expert "necessitates disclosure of some information that would not otherwise be undiscoverable [sic] due to privilege," but continued to contend that some of Sensormatic's requests "are not supported by *Echostar* or any other Federal case law," and stated that "we will produce the appropriate documentation after the same has been identified, classified, copied and redacted where appropriate," giving no specific timetable for such a production.[29] In its response, Sensormatic reiterated that "[t]here are only a few weeks of discovery left" and that "defendants knew they had an obligation to turn over these core discovery materials as soon as

---

[25] *See* Exhibit 1.

[26] *See* Letter from Eric Chiu to Robert Waters (Nov. 2, 2007) (attached as Exhibit 9).

[27] *See* E-mail from Ben Shively to Eric Chiu et al. (Nov. 6, 2007) (attached as Exhibit 10).

[28] *See* E-mail from David Kiernan to Ben Shively et al. (Nov. 6, 2007) (attached as Exhibit 11).

[29] *See* Letter from Ben Shively to David Kiernan (Nov. 6, 2007) (attached as Exhibit 12).

they decided to use their lawyers as witnesses of any kind."[30] On November 7, Sensormatic provided another chance by advising Defendants' counsel in a conference call that they could avoid the instant Motion if they provided a list of what would be produced by November 9. Sensormatic's counsel also specifically advised Defendants' counsel that Sensormatic was not seeking documents involving only Defendants' trial counsel. Defendants stated that they would respond with their decision by November 8. After receiving no word from Defendants, Sensormatic sent an e-mail to Defendants' counsel, again explaining the urgency of the situation and encouraging them to call, in an effort to resolve the matter without the Court's intervention.[31] Defendants did not respond.

## II. DEFENDANTS HAVE WAIVED PRIVILEGE.

By designating their lawyer Buff and his employee Fish as their expert witnesses, Defendants have unequivocally waived attorney-client privilege and work-product protection as to all communications relating to the subject matter of the Patents-in-Suit. *See Multiform Dessicants, Inc. v. Stanhope Products Co., Inc.*, 930 F. Supp. 45, 47 (W.D.N.Y. 1996) (designation of patent attorney as expert witness waives attorney-client privilege and work product protection); *The Herrick Co., Inc. v. Vetta Sports, Inc.*, 1998 U.S. Dist. LEXIS 14544 at *10 (S.D.N.Y. Sep. 17, 1998) (decision to designate attorney as an expert witness "waives attorney-client and work product protections that might otherwise exist"). Defendants' waiver arises out of the principle that "the deliberate injection of the advice of counsel into a case waives the attorney-client privilege as to communications and documents relating to the advice." *Multiform Dessicants*, 930 F. Supp. at 47. Thus, "the near absolute protection given by the

---

[30] See Letter from David Kiernan to Ben Shively (Nov. 6, 2007) (attached as Exhibit 16).

[31] *See* E-mail from David Kiernan to Robert Waters et al. (Nov. 7, 2007) (attached as Exhibit 13).

9

courts to opinion work product must give way when a litigant puts his attorney's opinions into direct issue by designating his lawyer as an expert witness." *Hager v. Bluefield Regional Medical Ctr., Inc.*, 170 F.R.D. 70, 78 (D.D.C. 1997).

The scope of Defendants' waiver is broad and applies to "all communications relating to the subject matter" of Buff and Fish's expert report. *See Multiform Dessicants*, 930 F. Supp. at 47-48 (waiver extends not only to documents considered or relied upon in formulating expert opinion, but also to "all communications relating to the subject matter of the declarations"); *see also In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1303 (Fed. Cir. 2006) (goal of waiver is "to prevent a party from using the advice he received as both a sword, by waiving privilege to favorable advice, and a shield, by asserting privilege to unfavorable advice"). Moreover, Defendants' waiver extends to communications and work product of *all* counsel relating to the Patents-in-Suit. *See Informatica Corp. v. Bus. Objects Data Integration, Inc.*, 454 F. Supp. 2d 957, 964 (N.D. Cal. 2006) (finding waiver "with respect to pertinent communications and work product of all counsel"). As the Federal Circuit has explained, the "widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to *all other communications relating to the same subject matter*." *In re EchoStar*, 448 F.3d at 1299 (emphasis added) (quoting *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir.), *cited in United States v. Bachynsky*, 2007 U.S. Dist. LEXIS 37131 at *7 (S.D. Fla. May 22, 2007)).

The Buff report is extremely broad and effectively covers every patent-related issue in the case, including the validity, enforceability and infringement of Sensormatic's patents.[32] Defendants' waiver therefore includes at least: (1) all communications between Defendants and

---

[32] *See* Exhibit 1 at 3.

10

their attorneys concerning the subject matter of the Patents-in-Suit; (2) all documents analyzing the law, facts, trial strategy, and so forth that reflect the mental impressions of Defendants' attorneys and were communicated to Defendants; and (3) all documents that discuss communications between Defendants and their attorneys concerning the subject matter of the Patents-in-Suit. *See In re EchoStar*, 448 F.3d at 1302-03.

## CONCLUSION

Defendants cannot assert privilege, intentionally blocking all discovery relating to Buff, and then, with trial three months away, announce that they will use him as an expert while maintaining the privilege. They must produce all documents related to the subject matter of the Patents-in-Suit. For the foregoing reasons, Sensormatic respectfully requests that the Court expeditiously grant the Motion to Compel.

## RULE 7.1 CERTIFICATION

Undersigned counsel hereby certifies that prior to filing the instant Motion, counsel for Sensormatic attempted to confer with Defendants' counsel in a good faith effort to resolve the issue raised in the motion. By letter dated November 2, 2007, Sensormatic requested that Defendants produce all documents to which privilege had been waived. On November 6, 2007, counsel for both parties met and conferred by telephone, at which time Defendants acknowledged that certain documents must be produced but would not agree to a date for production. Sensormatic advised Defendants that the instant Motion could be avoided if Defendants provided a list of what would be produced by November 9. Defendants stated that they would respond with their decision by November 8. Despite a follow-up email from counsel for Sensormatic on November 8, Defendants have not responded.

Of Counsel:

Bruce R. Genderson
*Email: bgenderson@wc.com*
David C. Kiernan
*Email: dkiernan@wc.com*
George A. Borden
*Email: gborden@wc.com*
F. Greg Bowman
*Email: fbowman@wc.com*
Eric K. Chiu
*Email: echiu@wc.com*
David A. Taylor
*Email: dtaylor@wc.com*

WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Respectfully submitted,

s/ Stephen B. Gillman
Stephen B. Gillman 196734
*Email: sgillman@shutts.com*
SHUTTS & BOWEN, LLP
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 381-9982

*Attorneys for Plaintiff Sensormatic Electronics Corporation*

## CERTIFICATE OF SERVICE

**I hereby certify** that on November 9, 2007 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Stephen B. Gillman

# SERVICE LIST

Sensormatic Electronics Corporation v.
The TAG Company US LLC and Phenix Label Company
Case No. 06-81105 CIV HURLEY/HOPKINS
United States District Court, Southern District of Florida

Of Counsel:

Bruce R. Genderson
*Email: bgenderson@wc.com*
David C. Kiernan
*Email: dkiernan@wc.com*
George A. Borden
*Email: gborden@wc.com*
F. Greg Bowman
*Email: fbowman@wc.com*
Eric K. Chiu
*Email: echiu@wc.com*
David A. Taylor
*Email: dtaylor@wc.com*

WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

s/ Stephen B. Gillman
Stephen B. Gillman 196734
*Email: sgillman@shutts.com*
SHUTTS & BOWEN, LLP
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 381-9982

*Attorneys for Plaintiff Sensormatic Electronics Corporation*
[Notice of Electronic Filing generated by CM/ECF]


Robert R. Waters
Jason A. Poling
Olen L. York, III
Enrico A. Mazzoli
Benjamin S. Shively
WATERS LAW OFFICE, PLLC
714 Lyndon Lane, Suite #6
Louisville, KY 40222
Tel.: 502-425-2424
Fax. 502-425-9724

Leslie J. Lott
*(E-Mail: ljlott@lott-friedland.com)*
David K. Friedland
*(E-Mail: dkfriedland@lfiplaw.com)*
LOTT & FRIEDLAND, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Tel.: 305-448-7089
Fax.: 305-446-6191

*Attorneys for Defendants TAG, Phenix and Dennis Gadonniex*
[Notice of Electronic Filing generated by CM/ECF]