UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-81105-CIV-HURLEY/HOPKINS

SENSORMATIC ELECTRONICS CORP.,

      Plaintiff,

v.

THE TAG COMPANY US, LLC, et al.,

      Defendants.

_____/

ORDER GRANTING PLAINTIFF'S MOTIONS TO CLARIFY
NON-JURY/JURY STATUS AND TO STRIKE JURY DEMAND

      **THIS CAUSE** is before the court upon plaintiff's motion to clarify non-jury/jury status [DE # 126] and plaintiff's motions to strike jury demand [DE # 211, 235]. For the reasons given below, the court will grant the motions.

      Defendants seek to have the core patent claims in this case tried to a jury, while plaintiff would rather try the case to the court. At the outset, the court notes that there is a dispute as to whether defendants waived any right to a jury by failing to include an explicit jury demand in their answer to the first amended complaint and, if so, whether the defect was cured by defendants' later-filed answers to plaintiff's various amended complaints, which did include jury demands.[1] *See* Fed. R. Civ. P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed."). However, the court need not and does not resolve those issues, because the

_____

      [1] Part of this dispute centers on an apparent error in the electronic docket sheet, which inaccurately reflects defendants' answer to the first amended complaint as including a jury demand. *See* DE # 50.

court determines that, even in the absence of a waiver, defendants are not entitled to a jury trial on any of the claims in the case.

The leading case on the right to jury trial in patent cases is *In re Lockwood*, 50 F.3d 966 (Fed. Cir. 1995).[2]  In *Lockwood*, the Federal Circuit began by recognizing the general rule that the Seventh Amendment preserves the right to trial by jury for issues which are more properly characterized as legal, rather than equitable.  *See Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990); *Dimick v. Schiedt*, 293 U.S. 474, 476 (1935).  Applying that principle to the patent context, the Federal Circuit determined that the nature of a patent-infringement claim depends on the nature of the relief sought.  *Lockwood*, 50 F.3d at 976.  If the plaintiff seeks a remedy that would traditionally have been awarded by a court of law, such as damages, then the right to jury trial is preserved by the Seventh Amendment.  But if the plaintiff seeks equitable relief, then the infringement claim – and any defense of invalidity – is tried to the bench.  *Id.*  The choice is the patentee's, and the patentee is not deprived of that choice simply because the claim of invalidity is presented, as in the case at bar, as a counterclaim for a declaratory judgment of invalidity, rather than as an affirmative defense to the patentee's infringement claim.  *Id.*

The question thus becomes whether the operative complaint seeks only equitable relief. The complaint essentially seeks injunctive relief and restitution.  *See* Prayer for Relief, Pl.'s Third Am Compl.  Of course, an injunction is the quintessential equitable remedy.  Restitution is likewise "traditionally viewed as equitable."  *Mertens v. Hewitt Associates*, 508 U.S. 248, 255

---

[2]  The order in *Lockwood* was technically vacated as moot after the Supreme Court granted certiorari and Lockwood withdrew his request for a jury trial.  Nevertheless, as both sides acknowledge, the Federal Circuit has continued to treat the analysis in *Lockwood* as controlling.  *See In re Technology Licensing Corp.*, 423 F.3d 1286, 1288-89 n.1 (Fed. Cir. 2005).

(1993) (internal quotations omitted).[3]   Because plaintiff seeks only equitable relief, there is no right to a jury trial on the patent-related claims or counterclaims.

Finally, the court notes that the operative complaint does assert one non-patent-related claim seeking legal relief: the claim seeking replevin of plaintiff's allegedly misappropriated documents.  *See* Pl.'s Third Am. Compl. Count IX.  Replevin, although a form of specific relief, is a remedy at law.  *See Hunt v. Hawthorne Associates, Inc.*, 119 F.3d 888, 907 n.52 (11th Cir. 1997) (citing *Pane v. RCA Corp.*, 868 F.2d 631, 635-36 (3d Cir. 1989)); *see also Mercury Air Group, Inc. v. International Air Leases, Inc.*, 993 F.2d 883 (9th Cir. 1993) (unpublished opinion) (discussing adequacy of replevin as a legal remedy).  However, in their response to plaintiff's motion to strike jury demand, defendants seem to have limited their request for a jury trial to the patent-related claims.  *See* Defs.' Resp. to Mot., DE # 140 at 6 ("With respect to those claims asserted by Plaintiff that are unrelated to infringement and invalidity, Plaintiff is correct in its assertion that a jury trial in [sic] not appropriate and those matters should be tried to the Court."). Therefore, the court has put the replevin claim aside for purposes of determining whether a right to jury trial exists in this case.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

---

[3]   The court notes in passing that the Federal Circuit has held that restitution for unjust enrichment is unavailable as a remedy in patent infringement actions.  *See Water Technologies Corp. v. Calco, Ltd.*, 850 F.2d 660, 673 (Fed. Cir. 1988) ("[U]nlike copyright and trademark infringements, patent infringement carries no remedy of an accounting for an infringer's profits."); *Kori Corp. v. Wilco Marsh Buggies and Draglines, Inc.*, 761 F.2d 649, 654-55 (Fed. Cir. 1985) (holding that evidence of an infringer's profits may be relevant to a patentee's recovery, but only as a means of establishing the patentee's damages).  This has no effect on the analysis of the instant motions, which turns on whether restitution is a legal or equitable remedy, rather than on whether it is available in this case.

Order Granting Plaintiff's Motions to Clarify Non-Jury/Jury Status and to Strike Jury Demand
Sensormatic Electronics Corp. v. The Tag Company US LLC, et al.
Case No. 06-81105-CIV-HURLEY/HOPKINS

1.    Plaintiff's motion to clarify non-jury/jury status [DE # 126] is **GRANTED** as

follows: Any trial in this case will be to the court, rather than to a jury.

2.    Plaintiff's motions to strike jury demand [DE # 211, 235] are **GRANTED**.  The

jury demand in the operative answer is **STRICKEN**.

**DONE** and **ORDERED** in Chambers in West Palm Beach, Florida, this 7th day of April,

2008.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*

For updated court information, visit unofficial Web site
at http://us.geocities.com/uscts