**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 06-cv-81105-Hurley/Hopkins

SENSORMATIC ELECTRONICS
CORPORATION,

    Plaintiff,

v.

THE TAG COMPANY US LLC,
PHENIX LABEL COMPANY, and
DENNIS GADONNIEX,

    Defendants.
_____/

**DEFENDANTS' MOTION FOR LEAVE TO AMEND COUNTERCLAIMS**
**TO CONFORM TO THE EVIDENCE**
**AND MEMORANDUM IN SUPPORT**

**MEMORANDUM**

**BACKGROUND**

    The Defendants, the TAG Company US LLC ("TAG"), Phenix Label Company ("Phenix"), and Dennis Gadonniex ("Gadonniex") (collectively hereafter "Defendants"), by counsel, pursuant to Rule 15(a), Federal Rules of Civil Procedure, hereby move the Court to enter an order granting Defendants leave to file their Amended Counterclaims which add further clarity and detail to two of Defendants counterclaims as part of their Answer and Counterclaims to Plaintiff's Fourth Amended Complaint. In accordance with S.D. Fla. L.R. 15.1 Defendants' Answer and proposed amended Counterclaims is attached as Exhibit A. In support thereof, the Defendants state as follows.

    1.    Plaintiff filed this original Complaint on November 29, 2006 (DE 1). Plaintiff, among other allegations, asserts Defendants infringe five patents.

1

2. Defendants filed their Answer and Counterclaim on December 19, 2006 (DE 14). Defendants' counterclaims assert the invalidity of two of the five patents in suit: the '200 patent and the '245 patent.

3. Defendants filed an Answer and Amended Counterclaim on December 20, 2006 (DE 15). Defendants' counterclaims re-asserted the invalidity of two of the five patents in suit: the '200 patent and the '245 patent.

4. With leave of the Court, Defendants filed their Second Amended Answer and Counterclaim on January 12, 2007 (DE 19). Again Defendants re-asserted the invalidity of two of the five patents in suit: the '200 patent and the '245 patent.

5. Plaintiff filed its Response to Defendants' Second Amended Answer and Counterclaim on January 16, 2007 (DE 20).

6. With leave of the Court Plaintiff filed its [First] Amended Complaint on June 12, 2007 (DE 45).

7. Defendants filed their Answer to the [First] Amended Complaint with Jury Demand and Counterclaims on June 22, 2007 (DE 50). Defendants' counterclaims again asserted the invalidity of two of the five patents in suit: the '200 patent and the '245 patent.

8. Plaintiff filed its Answer to the Counterclaims on July 17, 2007 (DE 54).

9. Plaintiff filed its Motion for Leave to file a Second Amended Complaint on December 10, 2007 (DE 116). In addition to providing more details to Plaintiff's allegations against Defendants, Plaintiff's Second Amended Complaint drops allegations of infringement of one of the patents in suit: the '817 patent.

10. The Court entered its Order granting Plaintiff's Motion for Leave to file a Second Amended Complaint on January 7, 2008 (DE 136).

11. Plaintiff's filed its Motion for Leave to file a Third Amended Complaint on January 14, 2008 (DE 149). Plaintiff's Third Amended Complaint added a new party, Metglas, Inc.

12. On January 22, 2008, Defendants moved to amend their counterclaims (DE 176).

13. The Court granted Plaintiff's Motion to file its Third Amended Complaint on February 4, 2008 (DE 190).

14. The Court granted in part Defendants' Motion to Amend Counterclaims on February 11, 2008 (DE 204).

15. Plaintiff filed its Motion for Leave to file a Fourth Amended Complaint on March 21, 2008 (DE 234). The Fourth Amended Complaint sought to drop Metglas, Inc. as a party (indeed, Metglas, Inc. was never served) and drop claims of infringement of two additional patents (the '334 and '140 patents).

16. The Court granted Plaintiff's Motion to file its Fourth Amended Complaint on April 9, 2008 (DE 261).

17. Defendants' eight counterclaims assert the invalidity, on various grounds, of the two remaining patents in suit (the '200 and '245 patents)

18. Discovery closed on March 15, 2008. (DE 185). As the Court is aware there have been numerous discovery disputes. Indeed, Plaintiff continued to produce boxes of relevant and discoverable documents it had improperly withheld and was compelled to produce as late as March 21, 2008.

19. Trial was set for April 7, 2008, however, at the March 28, 2008 calendar call the Court instructed counsel to be prepared to go to trial in either June or July 2008

20. Defendants here seeks to file their answer to Plaintiff's Fourth Amended complaint and amend two of their eight counterclaims to add specificity and conform to the evidence.

21. Specifically, Defendants seek to amend their Fifth and Sixth Counterclaims as these claims relate to the unenforceability of the '200 and '245 patents, respectively, due to Sensormatic's inequitable conduct for failing to disclose to the U.S. Patent Office printed publications and literature that significantly impact on the patentability of one or more claims of the '200 or '245 patent, and for its prior commercial sales of products that practiced one or more claims of the '200 or '245 patents. See para. 61 of Defendants' Fifth Counterclaim and para. 84 of Defendants' Sixth Counterclaim.

22. No new independent counterclaims or other changes to previously asserted counterclaimed would be added.

23. No new parties would be added.

### ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that the court "should freely give leave [to amend] when justice so requires." Because of the liberal policy allowing amendments embodied in Rule 15(a), "a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment would be futile." *Taylor v. Florida State Fair Authority*, 875 F. Supp. 812, 814 (M.D. Fla. 1995)(citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, there is no reason to deny amendment to Defendants' counterclaims.

As previously stated, Defendants do not seek to add new counterclaims but rather to add language in further clarification of their Fifth and Sixth counterclaims. The proposed language permits Defendants to present additional evidence discovered only in the most recent documents produced by Plaintiff which more clearly and convincingly demonstrate Sensormatic's inequitable conduct before the U.S. Patent Office in prosecuting the '200 and '245 patents.

<u>Defendants' amended counterclaims are not prejudicial to the Plaintiff.</u> No new counterclaims are being added. Rather, Defendants' amendments of their Fifth and Sixth counterclaims narrow and particularize these counterclaims. Defendants seek only to sharpen their counterclaims, provide additional detail as a result of receiving documents from Plaintiff produced late, and conform the counterclaims to the evidence.

<u>There is no bad faith or undue delay on the part of the moving party.</u> Plaintiff's belated document production now appears to be complete. While Defendants have been harmed by Plaintiff's delay in production, Plaintiff has not. The '200 and '245 patents remain as patents in suit. Defendants' review of some 16,000 documents received from Plaintiff on March 21, 2008 took some time but produced evidence to be introduce at trial which directly support Defendants' Fifth and Sixth counterclaims as amended.

<u>Amending Defendants' counterclaims is not futile.</u> Plaintiff still contends that Defendants infringe the '200 and '245 patents. Defendants, through discovery, now have further evidence that the '200 and '245 patents are invalid because of Sensormatic's inequitable conduct in prosecuting these patents before the U.S. Patent Office. .

## CONCLUSION

For the foregoing reasons, Defendants' Motion should be GRANTED and the proposed Answer and Amended Counterclaims should be deemed filed.

## LOCAL RULE 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(A)(3) counsel for Defendants hereby certifies that, prior to filing this Motion, a good faith effort to resolve the issues raised herein without court action was attempted with Plaintiff's counsel, but could not do so.

Dated:  April 28, 2008

Respectfully submitted,

WATERS LAW GROUP, PLLC

s/ Enrico A. Mazzoli
Florida Bar: 165336

Robert R. Waters *(pro hac vice)*
Benjamin S. Shively *(pro hac vice)*
Jason A. Poling *(pro hac vice)*
Olen L. York, III *(pro hac vice)*
Enrico A. Mazzoli (Florida Bar 165336)
WATERS LAW GROUP, PLLC
714 Lyndon Lane, Suite 6
Louisville, Kentucky  40222
(502) 425-2424
Facsimile: (502) 425-9724

- and -

Leslie J. Lott:
Florida Bar No. 182196
David K. Friedland:
Florida Bar No. 833479
LOTT & FRIEDLAND, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, Florida  33134-1098
Telephone: (305) 448-7089
Facsimile: (305) 446-6191

*Attorneys for Defendants: The Tag Company US LLC, Phenix Label Company, and Dennis Gadonniex*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of April 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached

Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

                                                s/ Enrico A. Mazzoli_____
                                                Enrico A. Mazzoli (Florida Bar 165336)

## SERVICE LIST

*Sensormatic Electronics Corporation v. The TAG Company US LLC,
Phenix Label Company, and Dennis Gadonniex*

Case No. 06-cv-81105-Hurley/Hopkins
United States District Court, Southern District of Florida

*Via Notices of Electronic Filing*

Stephen B. Gillman, Esq.
sgillman@shutts.com
**SHUTTS & BOWEN, LLP**
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 381-9982

   -and-

Bruce R. Genderson
bgenderson@wc.com
David C. Kiernan
dkiernan@wc.com
George A. Borden
gborden@wc.com
Eric K. Chiu
echiu@wc.com
David A. Taylor
dtaylor@wc.com
F. Greg Bowman
fbowman@wc.com
William L. Doffermyre
wdoffermyre@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005-3901
Telephone: (202) 434-5000

*Via Notices of Electronic Filing*

David K. Friedland. Esq.
dkfriedland@lfiplaw.com
Leslie J. Lott, Esq.
ljlott@lfiplaw.com
**LOTT & FRIEDLAND, P.A.**
Coral Gables, Florida 33134-1098
Telephone: (305) 448-7089
Facsímile: (305) 446-6191

   -and-

Robert R. Waters *(pro hac vice)*
rrwaters@waterslawoffice.com
Jason A. Poling *(pro hac vice)*
japoling@waterslawoffice.com
Olen L. York, III *(pro hac vice)*
olyork@waterslawoffice.com
Benjamin S. Shively *(pro hac vice)*
bsshively@waterslawoffice.com
Enrico A. Mazzoli (FL Bar 165336)
eamazzoli@waterslawoffice.com
**WATERS LAW GROUP, PLLC**
714 Lyndon Lane, Suite 6
Louisville, Kentucky 40222
Telephone: (502) 425-2424
Facsimile: (502) 425-9724

*Attorneys for Defendants, The TAG
Company US LLC, Phenix Label*

Facsimile: (202) 434-5029 *Company, and Dennis Gadonniex*

    -and-

Mark Levine
mark.levine@bartlit-beck.com
Shayna S. Cook
shayna.cook@bartlit-beck.com
Sean Gallagher
sean.gallagher@bartlit-beck.com
Mark S. Ouweleen
mark.ouweleen@bartlit-beck.com
**BARTLIT BECK HERMAN PALENCHAR & SCOTT, LLP**
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Telephone: (312) 494-4400
Facsimile: (312) 494-4440

*Attorneys for Plaintiff*
*Sensormatic Electronics Corporation*