UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-81105-Civ-Hurley/Hopkins

SENSORMATIC ELECTRONICS
CORPORATION,

    Plaintiff,

vs.

THE TAG COMPANY US LLC;
PHENIX LABEL COMPANY; and
DENNIS GADONNIEX,

    Defendants,
_____/

**PLAINTIFF SENSORMATIC ELECTRONICS CORPORATION'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Sensormatic Electronics Corporation ("Sensormatic") respectfully requests that the Court deny Defendants' Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to Counts V and VI of Plaintiff's Fourth Amended Complaint (DE 306). Defendants seek judgment on the pleadings on Sensormatic's claims of breach of fiduciary duty against Dennis Gadonniex and aiding and abetting breach of fiduciary duty against the TAG Company US, LLC ("TAG"). This motion is untimely. It was filed one week before trial, yet it is based on a purported pleading defect on a claim that has been pending since Sensormatic filed its First Amended Complaint (DE 45) in June 2007. Moreover, Sensormatic's complaint sufficiently sets forth the factual basis for Mr. Gadonniex's fiduciary duty to Sensormatic: his signed Employment Agreement with Sensormatic and employment pursuant thereto.

**FACTS**

On June 12, 2007, Sensormatic amended its complaint to add Mr. Gadonniex, a former Sensormatic employee, as a defendant and to add claims for, *inter alia*, breach of contract and

breach of fiduciary duty against Mr. Gadonniex and aiding and abetting breach of fiduciary duty against TAG.  (DE 45)  This amendment came after TAG produced confidential internal Sensormatic documents from its files during discovery.

The allegations in Sensormatic's Fourth Amended Complaint, filed March 21, 2008, with respect to Mr. Gadonniex's fiduciary duty to Sensormatic are substantially the same as what was contained in the June 12, 2007 Amended Complaint.  (Compare DE 234 with DE 45)  Those allegations are as follows.  Mr. Gadonniex was employed as an engineer by Sensormatic from March 14, 1994 to March 22, 2000.  (4th Am. Cmplt. ¶ 30).  When he began working at Sensormatic, he signed an Employment Agreement.  (4th Am. Cmplt. Ex. 1-G)  Under Article I of the Employment Agreement, Mr. Gadonniex had a duty to return all secret or confidential materials to Sensormatic upon termination of his employment.  (4th Am. Cmplt. ¶ 33)  Under Article III of the Employment Agreement, Mr. Gadonniex had a duty not to "reveal, report, publish, transfer or otherwise disclose to any person, corporation, or other entity, or use, any of [Sensormatic's] confidential information" except with Sensormatic's written consent or if such information is public knowledge.  (*Id.* ¶ 34)

Count V of the Fourth Amended Complaint further states: "By reason of his employment with Sensormatic, Gadonniex was entrusted with access to highly confidential and proprietary information above and beyond any trade secrets.  By reason of his position and the trust reposed in him, Gadonniex had fiduciary duties of loyalty and confidentiality to Sensormatic."  (*Id.* ¶ 88).

When Mr. Gadonniex left Sensormatic in 2000, he retained copies of confidential Sensormatic documents on computer backup tapes.  (*Id.* ¶ 40)  He later became a consultant for TAG.  (*Id.* ¶ 28)  In 2004, at TAG's direction, Mr. Gadonniex reviewed the confidential documents on his Sensormatic backup tapes and prepared and disclosed to TAG a detailed timeline of the development of Sensormatic's acoustomagnetic labels.  (*Id.* ¶¶ 54-56)

2

As the Fourth Amended Complaint describes, Sensormatic's aiding and abetting breach of fiduciary duty claim against TAG (Count VI) is based upon the breach of fiduciary duty by Mr. Gadonniex as well as a separate breach of fiduciary duty by Norman Hansen, who is not a defendant.

## ARGUMENT

### I. Defendants' Motion is Untimely.

Sensormatic's claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty, and the factual basis for them, first appeared in Sensormatic's First Amended Complaint, filed June 12, 2007 (DE 45). Now, one week before trial, Defendants move for judgment on the pleadings based on an alleged defect that they have known about for over a year.

A Rule 12(c) motion is to be filed "early enough not to delay trial." Fed. R. Civ. P. 12(c). Under this Court's Scheduling Order (DE 38), the deadline for filing summary judgment motions was October 26, 2007. Defendants knew or should have known the basis for filing the present motion by June 2007 and should have filed their dispositive motion by the summary judgment deadline. On March 31, 2008, the Court denied Defendants' motion for leave to file an unrelated summary judgment motion as untimely (DE 248). Defendants' Rule 12(c) dispositive motion filed one week before trial is not timely and should be denied on this ground alone. *McBride v. Coats*, No. 08:06-CV-1490-T-24EAJ, 2007 WL 4463595 (M.D. Fla. Dec. 17, 2007) (denying as untimely a Rule 12(c) motion that was filed eight days before the pretrial conference).

### II. Sensormatic Has Adequately Pled Mr. Gadonniex's Fiduciary Duty.

The Fourth Amended Complaint adequately pleads Mr. Gadonniex's fiduciary duty pursuant to Florida law. In particular, it pleads that Mr. Gadonniex has a fiduciary duty to Sensormatic that arose out of his signed Employment Agreement and employment by

3

Sensormatic from 1994 to 2000.  (4th Am. Cmplt. ¶¶ 30, 32-36, 88)  Mr. Gadonniex accepted his fiduciary role by signing the Employment Agreement and becoming a Sensormatic employee. By contrast, the cases Defendants rely on are inapplicable.  Those cases did not involve a fiduciary duty arising out of employment relationships or contractual obligations.

A fiduciary relationship may be express or implied.  An express fiduciary relationship is created by contract.  *Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 518 (Fla. 3d Dist. Ct. App. 1994) (quoted in *B&M Nat. Automation, LLC v. AMX Corp.*, No. 06-20412 CIV, 2007 WL 809675, at *4 (S.D. Fla. Mar. 15, 2007) (unpublished op.)).  An implied fiduciary relationship is implied from the circumstances surrounding the relationship and exists when one party has reposed confidence in the other party and a trust is accepted by the other party.  *Doe v. Evans*, 814 So. 2d 370, 374 (Fla. 2002).

Employees owe a fiduciary duty of loyalty to their employer, including a duty to protect confidential information.  An employee's fiduciary duty to his employer can arise out of an employment agreement or his employment status or both.  *Stateline Power Corp. v. Kremer*, 404 F. Supp. 2d 1373, 1380 (S.D. Fla. 2005) ("Defendant's fiduciary duties to Plaintiff arose from his employment status and were not all specifically delineated in the Employment Agreement."); *E.E.O.C. v. Rio Bravo Intern., Inc.*, No. 8:99CV1371T17MAP, 2003 WL 21981985 (M.D. Fla. June 18, 2003) ("It is implied as a matter of law that employees have a fiduciary duty to their employer.").  Sensormatic's allegation that Mr. Gadonniex owed a fiduciary duty as a result of his employment contract and employment at Sensormatic (4th Am. Cmplt. ¶¶ 30, 32-36, 88) states a claim for breach of fiduciary duty under this case law.

The cases Defendants cite in support of their contention that a complaint must allege "acceptance" of a fiduciary duty are outside of the employment context and do not involve express fiduciary duties.  *See Behrman v. Allstate Life Insurance Co.*, 388 F. Supp. 2d 1346,

4

1351 (S.D. Fla. 2005), *aff'd,* 178 Fed. Appx. 862 (2006) ("Here, Plaintiff has not alleged a fiduciary or other confidential <u>or contractual</u> relationship of trust with Defendants, such that they owed him a duty of disclosure." (emphasis added)); *Greenberg v. Children's Hospital Research Institute, Inc.*, 264 F. Supp. 2d 1064, 1072 (S.D. Fla. 2003) ("A fiduciary duty <u>implied in law</u> is premised upon the specific factual set of circumstances surrounding the transaction and the relationship of the parties. . . . There is no automatic fiduciary relationship that attaches when a researcher accepts medical donations . . ." (emphasis added)); *Argonaut Development Group, Inc. v. SWH Funding Corp.*, 150 F. Supp. 2d 1357, 1363 (S.D. Fla. 2001) ("However, there is no case law which suggests that a fiduciary duty arises between arms-length parties to a <u>proposed</u> contract." (emphasis added)).

By contrast, as the Fourth Amended Complaint alleges, Mr. Gadonniex accepted his fiduciary duty to Sensormatic by signing the Employment Agreement and acting as an employee, during which time he was "entrusted with access to highly confidential and proprietary Sensormatic information." (4th Am. Cmplt. ¶ 88) Accordingly, Sensormatic has adequately pled the factual basis for its fiduciary duty claims against TAG and Mr. Gadonniex.

## <u>CONCLUSION</u>

For the reasons stated above, Sensormatic respectfully requests that the Court deny Defendants' Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to Counts V and VI of Plaintiff's Fourth Amended Complaint (DE 306).

In the alternative, Sensormatic seeks leave to amend its complaint to add the allegation that Mr. Gadonniex accepted his fiduciary duty by virtue of becoming a Sensormatic employee and gaining access to confidential information.

Dated:  August 6, 2008                                          Respectfully submitted,

Of Counsel
0
Mark Levine
Mark S. Ouweleen
Sean Gallagher
Shayna S. Cook
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard St., Suite 300
Chicago, IL  60610
Telephone: (312) 494-4400
Facsimile: (312) 494-4440

Sean C. Grimsley
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, CO  80212
Telephone: (303) 592-3100
Facsimile: (303) 592-3140

s/ Stephen B. Gillman
Stephen B. Gillman 196734
*Email: sgillman@shutts.com*
SHUTTS & BOWEN, LLP
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6300
Facsimile: (305) 381-9982

*Attorneys for Plaintiff Sensormatic Electronics Corporation*

## **CERTIFICATE OF SERVICE**

**I hereby certify** that on August 6, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

/s Stephen B. Gillman

MIADOCS 2946836 1

**SERVICE LIST**

Sensormatic Electronics Corporation v.
The TAG Company US LLC and Phenix Label Company
Case No. 06-81105 CIV HURLEY/HOPKINS
United States District Court, Southern District of Florida

Of Counsel:

Mark Levine
*Email: mark.levine@bartlit-beck.com*
Mark S. Ouweleen
*Email: mark.ouweleen@bartlit-beck.com*
Sean Gallagher
*Email: sean.gallagher@bartlit-beck.com*
Shayna S. Cook
*Email: shayna.cook@bartlit-beck.com*
BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
Telephone: (312) 494-4400
Facsimile: (312) 494-4440

Sean C. Grimsley
*Email: sean.grimsley@bartlit-beck.com*
BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
1899 Wynkoop St., 8th Floor
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140

Stephen B. Gillman 196734
*Email: sgillman@shutts.com*
SHUTTS & BOWEN, LLP
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 381-9982

*Attorneys for Plaintiff Sensormatic Electronics Corporation*
[Notice of Electronic Filing generated by CM/ECF]

Robert R. Waters
Jason A. Poling
Olen L. York, III
Enrico A. Mazzoli
Benjamin S. Shively
WATERS LAW OFFICE, PLLC
714 Lyndon Lane, Suite #6
Louisville, KY 40222
Tel.: 502-425-2424
Fax. 502-425-9724

Leslie J. Lott
(*E-Mail: ljlott@lott-friedland.com*)
David K. Friedland
(*E-Mail: dkfriedland@lfiplaw.com*)
LOTT & FRIEDLAND, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Tel.: 305-448-7089
Fax.: 305-446-6191

*Attorneys for Defendants TAG, Phenix and Dennis Gadonniex*
[Notice of Electronic Filing generated by CM/ECF]