UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.06-81105-Civ-Hurley/Hopkins

SENSORMATIC ELECTRONICS
CORP.,

        Plaintiff,

vs.

THE TAG COMPANY US, LLC,
PHENIX LABEL COMPANY, and
DENNIS GADDONIEX,

        Defendants.
_____/

## REPORT AND RECOMMENDATION AS TO PLAINTIFF'S BILL OF COSTS AND VERIFIED ALTERNATIVE MOTION FOR COSTS (DEs 348, 349)

**THIS CAUSE** is before the Court upon an Order Referring to the undersigned Plaintiff's Bill of Costs and Verified Alternative Motion for Costs for a Report and Recommendation. (DE 365). For the reasons that follow, this Court **RECOMMENDS** that the District Court **GRANT IN PART** Plaintiff's Bill of Costs and **DENY** Plaintiff's Verified Alternative Motion for Costs. (DEs 348, 349).

## BACKGROUND

In November of 2006, Plaintiff commenced the instant action against Defendants for patent infringement and false advertisement. (DE 1, pg. 1). Plaintiff asserts that it owns patent rights to various aspects of security tag technology commonly used in the retail industry to prevent shop-lifting, and that Defendants violated its patent rights when it offered for sale its own security tag, the "Series 58." (DE 1, pgs. 2-4). After a lengthy and contentious discovery phase, the case proceeded to trial in August and October of 2008. (DEs 352-364). On December 19,

2008, the Court entered a Final Judgment and Permanent Injunction in favor of Plaintiff and against Defendants The Tag Company US LLC ("Tag") and Phenix Label Company ("Phenix") on two claims of patent infringement and a claim for disgorgement of profits, and against Dennis Gaddoniex ("Gaddoniex") on claims of breach of contract, breach of fiduciary duty, and misappropriation of trade secrets. (DEs 331, 332). Both Tag and Phenix promptly filed notices of appeal of the final judgment. (DEs 337, 338). Plaintiff's Bill of Costs and Verified Alternative Motion for Costs followed. (DEs 348, 349).

## DISCUSSION

Plaintiff, the prevailing party herein, seeks to recover a total of one hundred forty-thousand, twenty-five dollars and ninety-one cents ($140,025.91) as costs. (DE 348). In its Verified Alternative Motion, Plaintiff seeks fifty-three thousand, eight hundred sixty-four dollars and ninety-one cents ($53,864.91) for a court-ordered forensic examination of computers owned by Defendants Tag and Gaddoniex. (DE 349, pgs. 1-5). Although Plaintiff seeks to recover costs from all Defendants, only Defendants Phenix and Gaddoniex have filed objections to Plaintiff's Bill of Costs and Verified Alternative Motion. (DEs 373, 377, 378, 379).

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *See* Fed. R. Civ. P. 54(d)(1) (2009). However, courts may only tax costs as authorized by statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000), *reh'g and reh'g en banc denied*, 233 F.3d 580 (11th Cir. 2000) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482

U.S. 437, 441-442 (1987).  This section provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> ****

28 U.S.C. § 1920 (2009).

Where a party challenges the costs requested, the burden lies with the challenging party. *See EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) (finding that challenging party did not demonstrate that any portion of the depositions were not "related to an issue which was present in the case at the time the deposition was taken.")  *See also Ferguson v. Bombardier Srvcs. Corp.*, No. 8:03-cv-539-T-31DAB, 2007 WL 601921, *3 (M.D. Fla. Feb. 21, 2007) (*consolidated case*) (observing that the burden lies with the losing party, unless knowledge of the requested cost is within the exclusive knowledge of the requesting party) (citing *Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 910 n. 1 (M.D. Fla. 1989), *aff'd sub nom. Desisto College, Inc. v. Line*, 914 F.2d 267 (11th Cir. 1990), *not followed on other grounds by EEOC v. W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000)).

**Fees of the Clerk**

Plaintiff seeks to recover three hundred and fifty dollars ($350.00) for fees paid to the clerk. (DE 348, pg. 1 and exh. A-A).  Fees paid to the Clerk of Court may be taxed.  *See* 28

3

U.S.C. § 1920(1) (2009); *EEOC*, 213 F.3d at 623 (*citing* 28 U.S.C § 1920(1)). Defendants Phenix and Gaddoniex lodge no objection to Plaintiff's request. (DEs 377, 378). As such, this Court **RECOMMENDS** that the District Court award Plaintiff the three hundred and fifty dollars ($350.00) requested. (DE 348, exh. A). *See EEOC*, 213 F.3d at 621 (finding that the district court did not abuse its discretion by awarding costs where the request was unchallenged).

**Fees for the Service of Summons and Subpoena**

Plaintiff next seeks to recover one hundred thirty-five dollars ($135.00) for service of summons. (DE 348, exhs. A-B). Such costs are permitted by statute. *See EEOC*, 213 F.3d at 624; 28 U.S.C. § 1921(a)(1)(B), (G), (H) (2009) (providing that the court may tax as costs fees of the marshal for serving subpoenas for witnesses, and that the court may tax as costs necessary travel, including mileage, and overtime expenses incurred by deputy marshals in the course of serving civil process). In light of Defendants' failure to object to such request, this Court **RECOMMENDS** that the District Court award Plaintiff the one hundred thirty-five dollars ($135.00) requested. (DE 348, exh. A-B). *See EEOC*, 213 F.3d at 621.

**Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case**

Plaintiff seeks seventy-three thousand, eight hundred forty-five dollars and fifty-two cents ($73,845.52) for costs incurred in connection with obtaining daily printed trial transcripts, deposition transcripts, and video recordings of depositions. (DE 348, pg. 1 and exhs. A and C; DE 380, pgs. 3-7). Plaintiff also seeks to recover costs for attendance of the court reporters and shipping and handling of the transcripts. (DE 380, pg. 7). Plaintiff does not seek to recover the costs for RealTime service, CD packages, ASCII disks, or exhibit scanning. (DE 348, exh. A,

4

pg. 2).

Defendants Tag and Phenix object, contending that (1) no costs for the daily trial transcript should be awarded because the daily transcript was a luxury, not a necessity, and there was no court approval such an expense prior to trial; (2) because Plaintiff could only be properly awarded the costs of one original transcript, and because Plaintiff failed to break down the costs for just the original transcripts, Plaintiff should not be awarded the costs of any transcripts; (3) the costs of videotaping depositions and synchronizing the video with the transcript is not taxable; and, (4) no award should be made for the costs for attendance and shipping and handling because attendance fees are incidental to the deposition, and Plaintiff failed to show that the shipping fees were not incurred for mere convenience. (DE 377, pgs. 3-7).

In reply, Plaintiff contends that daily trial transcripts were a necessity, not a mere luxury, because (1) the trial lasted more than four weeks, involved complex, technical issues and expert testimony; (2) the Court cited portions of the transcripts while ruling on motions during trial; and, (3) the Federal Rules of Civil Procedure and the Local Rules require the original stenographic transcript of every deposition used to be filed with the court. (DE 380, pgs. 3-4, 7). Plaintiff also states that (1) it only seeks an award for the costs of one original deposition transcript per deponent; (2) the costs of deposition transcripts are taxable because the depositions were either played at trial (via video deposition), or the deponents testified at trial, and one deponent was Defendants' expert; (3) because Defendants lodged no objection to Plaintiff's notice of deposition by videographic means, the costs for videotaping are taxable; and, (4) attendance fees and costs for shipping and handling are both taxable. (DE 380, pgs. 3-7).

**Daily Trial Transcripts**

5

The Eleventh Circuit has stated although the costs of a daily transcript should not be awarded "as a matter of course," the costs of daily transcript costs may nevertheless be awarded, in the court's discretion, if the court deems the daily transcript "necessary." *See Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (affirming award of costs for expedited daily transcript where the court found that the transcripts were necessary in light of the case's length and complexity), *cert. denied*, 537 U.S. 1190 (2003). *See also Charter Medical Corp. v. Cardin*, 127 F.R.D. 111, 113 (D. Md. 1989) (awarding Rule 54 costs for daily transcripts where case presented complex issues, transcripts were necessary to prepare for cross examination of technical expert at trial, and the court viewed portions of the transcript in reaching its decision); *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 825 F. Supp. 361, 367 (D. Mass. 1993) (awarding costs of daily trial transcripts for copyright infringement trial because such costs were reasonably necessary in light of the fact that the trial lasted more than nine (9) weeks, involved complex and technical issues, and depended on witness credibility).

This Court concludes that Plaintiff should be awarded the costs of the daily trial transcripts because they were necessary. Similar to the above cited cases, the trial lasted nearly four weeks, involved complex issues and expert testimony. (DE 380, pg. 4). The parties used the transcript for preparing for direct and cross examination, mid-trial motions, and proposed Findings of Fact and Conclusions of Law, and the District Court used the transcript for making citations to the record and ruling on mid-trial rulings. (DE 380, pgs. 4-5). Therefore, this Court **RECOMMENDS** that the District Court award Plaintiff the costs of the daily transcript, in the amount of twenty-two thousand, four hundred forty-seven dollars and seventy-four cents ($22,447.74) (DE 348, exh. C). *See Maris Distrib. Co.*, 302 F.3d at 1225; *Charter Medical*

*Corp.*, 127 F.R.D. at 113; *Data Gen. Corp.*, 825 F. Supp. at 367.

### Deposition Transcripts

The costs for deposition transcripts are generally taxable so long as the transcripts were "necessarily obtained for use in the case." *See EEOC*, 213 F.3d at 620-621 (noting that costs of deposition transcripts may be taxed where the transcripts were, either wholly or partially, "necessarily obtained for use in the case.") (*citing* § 1920(2); *Newman v. A.E. Stanley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B June 1981)). The question of whether deposition costs are taxable turns on the factual question of whether the deposition was wholly or partially "necessarily obtained for use in the case." *Id.* at 621. The burden lies with the challenging party to show that the depositions were not related to an issue in the case at the time the deposition was taken. *See Id*. District courts have wide latitude in determining whether a deposition was "necessarily obtained" for use in the case. *See Ferguson*, 2007 WL 601921, *3 (*citing Newman*, 648 F.2d at 337).

Initially, this Court concludes that Defendants Phenix and Gaddoniex have failed to show that the depositions were not related to an issue in the case at the time that the depositions were taken. *See EEOC*, 213 F.3d at 621. Rather than attempt to make the required showing, Phenix and Gaddoniex merely state that Plaintiff "offers no evidence that the purpose of the depositions was for anything more than discovery and investigative purposes." (DE 377). However, even if the depositions were obtained for discovery purposes, "obtaining deposition transcripts for use during discovery may be taxable as long as it is necessary to the issues in the case when the deposition was taken." *George v. Florida Dept. of Corr.*, No. 07-80029-Civ, 2008 WL 2571348, *5 (S.D. Fla. May 23, 2008) (*citations omitted*).

Plaintiff has also shown that the deposition transcripts were necessarily obtained for use in the case. As noted by Plaintiff in the Bill of Costs, Plaintiff seeks an award of costs for the deposition transcripts for depositions which were played at trial via video, where the deponent testified at trial, and where the deponent was Defendants' expert. (DE 348, exh. A, pgs. 2-3). The record supports Plaintiff's contention that all of the deponents were listed as witnesses for trial, provided either live or video deposition testimony for trial, or were listed as Defendants' expert witnesses. (DEs 128, 318, 321, 327, 331). Moreover, contrary to Defendants' contention, Plaintiff only seeks the costs for one original transcript per deponent. (DE 348, exh. A, pgs. 2-3 and exh. C; DE 380, pg. 6 and exh. 3). As such, this Court **RECOMMENDS** that the District Court award Plaintiff the costs for deposition transcripts, in the amount sought, fifty-one thousand, three hundred ninety-seven dollars and seventy-eight cents ($51,397.78). (DE 348, exh. A, pg. 3). *See EEOC*, 213 F.3d at 621 (affirming award of costs for depositions where almost all of deponents were listed on losing party's witness list, were used in the parties' motions for summary judgment, the deponents testified at trial, and the depositions were read into evidence at trial).

### Videos of Depositions

According to the Eleventh Circuit, "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation . . . it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chems.*, 97 F.3d 460, 465 (11th Cir. 1996) (*as quoted in Suppa v. Costa Crociere, S.p.A.*, No. 07-60526-Civ, 2008 WL 4629078, *2 (S.D. Fla. Oct. 17, 2008)).

8

Each deposition notice sent by Plaintiff indicates that the depositions were going to be "recorded by stenographic and videographic means." (DE 380, pg.6 and exh. 4). Defendants Phenix and Tag have failed to show that they objected to the method of recordation of the depositions, as required by *Morrison*, 97 F.3d at 465, and *Suppa*, 2008 WL 4629078. (DE 377, pgs. 5-6). Moreover, although Phenix and Gaddoniex argue that Plaintiff seeks to recover the costs of synchronizing the video to the stenographic transcript, Plaintiff's Bill of Costs shows that it does not seek the costs for RealTime. (DE 348, exh. A, pg. 2). Therefore, this Court **RECOMMENDS** that the District Court find that Plaintiff is entitled to an award of costs for transcribing the videotaped depositions, which amounts to seventeen thousand, seven hundred ninety-seven dollars and eighty cents ($17,797.80). (DE 348, exh. A, pg. 2).

### Attendance Fees and Shipping and Handling Associated with Depositions

Courts may also tax attendance fees of the court reporter or per diem costs. *See George*, 2008 WL 2571348 at *5 (*citing Ferguson*, 2007 WL 601921 at *4) ("Attendance fees of the court reporter or per diem, processing and handling, and delivery fees are part of the court reporter's fee and are taxable.") The Eleventh Circuit has stated that "reasonable costs associated with depositions, such as postage for the mailing of transcripts, may similarly be taxed." *EEOC*, 213 F.3d at 621 (*as quoted in George v. GTE Directories Corp.*, 114 F. Supp 2d 1281, 1298 (M.D. Fla. 2000)). *But see George*, 2008 WL 2571348 at *5-*6 (noting split of authority among district courts).

This Court concludes that Plaintiff should be awarded the attendance fee of the court reporter as well as shipping and handling costs for the depositions. After reviewing Plaintiff's invoices, (DE 348, exh. C), this Court concludes that the attendance fees for both attendance and

9

shipping and handling appear to be reasonable. Accordingly, this Court **RECOMMENDS** that the District Court award Plaintiff such costs. (DE 348, exh. C).

Finally, this Court disagrees with Defendants' assertion that Plaintiff should not be awarded the costs of any transcripts because Plaintiff failed to break down the costs for the original transcripts from the costs of any copies. Plaintiff clearly states that it only seeks the costs for one original transcript per deponent, as billed by the court reporting agency, Veritext. (DE 348, exh. A, pgs. 2-3 and exh. C; DE 380, pg. 6 and exh. 3).

In light of the above, this Court **RECOMMENDS** that the District Court award Plaintiff the costs associated with daily printed trial transcripts, deposition transcripts, video recordings of depositions, attendance fees, and shipping and handling, in the amount of seventy-three thousand, eight hundred forty-five dollars and fifty-two cents ($73,845.52). (DE 348).

**Fees for Witnesses**

Next, Plaintiff seeks to recover three thousand, seven hundred three dollars and sixty-eight cents ($3,703.68) in witness fees for Kevin Coffey ("Coffey"), John Jarosz ("Jarosz"), and Robert O'Handley ("O'Handley"). (DE 348, pg. 1 and exh. D). Defendants Phenix and Gaddoniex object, arguing that (1) Plaintiff seeks to recover expert witness fees, which are not permitted; and, (2) Plaintiff should not be awarded the costs incurred by Dr. Robert O'Handley because although he was named as witness by both Plaintiff and Defendants, he was never called to testify by either party. (DE 377, pgs. 10-11). In its Reply, Plaintiff notes that it only seeks the permitted daily witness fee of forty dollars ($40.00), plus mileage and subsistence. (DE 380, pg. 10) (*citing* 28 U.S.C.§ 1821).

Courts may tax witness fees under section 1920(3). *See Ferguson*, 2007 WL 601921 at

10

*5. However, such fees are limited to an attendance fee of forty dollars ($40.000) per day for each day of attendance, common carrier expenses at the most economical rate reasonably available, and a subsistence allowance not to the exceed the per diem allowance for federal employees when a witness is required to stay overnight. *See Id*. (citing 28 U.S.C. § 1821(c)(1), (d)(1)-(2)). Expert witness costs are treated the same way as non-expert witnesses. *See Id*. at *5.

Initially, this Court concludes that Defendants' contention that Plaintiff seeks expert witness fees is without merit. In its Reply, Plaintiff states that it does not seek such fees. DE 380, pg. 10).

Next, with regard to O'Handley, where the losing party challenges costs as not properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party. *See EEOC*, 213 F.3d 621; *Ferguson*, 2007 WL 601921 at *3 (*citations omitted*). Although Plaintiff listed O'Handley on its witness list, (DE 318, pg. 2), because the docket contains no minutes from the trial, this Court is unable to determine whether O'Handley in fact testified. Moreover, Plaintiff has failed to refute Defendants' allegation that O'Handley was not called as a witness at trial, and has further failed to show when he was scheduled to testify. (DE 348, exh. D; DE 380, pg. 10). In light of the foregoing, this Court **RECOMMENDS** that the District Court **DENY** Plaintiff's request for witness costs for O'Handley. (DE 348, exh. D; DE 380). *See Ferguson*, 2007 WL 601921 at *5 (denying motion to tax costs as to two witnesses where the court minutes of the trial showed that they did not testify, and the prevailing party failed to provide evidence of when they were scheduled to testify).

Apart from its argument that Plaintiff seeks expert witness fees, Defendants Phenix and

Gaddoniex lodge no other objection as to the costs incurred by Coffey and Jarosz. (DE 377, pgs. 10-11). Accordingly, this Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's request for costs associated with Coffey and Jarosz, in the amount of nine hundred three dollars and thirty-six cents ($903.36), the amount documented by receipts. (DE 348, exh. D). *See EEOC*, 213 F.3d at 621 (finding that the district court did not abuse its discretion by awarding costs where the request was unchallenged); *Ferguson*, 2007 WL 601921 at *5 (allowing award of costs only for costs which were documented by receipts; disallowing costs where claims were no supported by receipts) (*citations omitted*).

**Fees for Exemplification and Copies**

Plaintiff seeks an award of eight thousand, one hundred twenty-six dollars and eighty cents ($8,126.80) for making copies of documents in connection with discovery, discovery filings, and the submission of pleadings to the court. (DE 384, pg. 1 and exh. E).

Defendants Phenix and Gaddoniex object, arguing that (1) because Plaintiffs failed to itemize costs for copies incurred in connection with the two claims which were ultimately litigated, as opposed to the three claims which were abandoned, Plaintiff is not entitled to any copy costs; (2) Plaintiffs are not entitled to costs for copies of documents made in connection with claims that were ultimately dismissed by Plaintiffs; (3) Plaintiff should not be awarded costs for the production of documents in connection with court orders compelling Plaintiff to produce such documents; (4) Plaintiff should not be awarded costs for copies made in connection with discovery because Plaintiff failed to specify why the documents were needed, apart from the generic statement that the copies were necessarily made for use in the case; and, (5) Plaintiff should not be awarded costs for downloading and printing filings from the CMECF system

12

because attorneys are entitled to "one free look" when a document is filed. (DE 377, pg. 8-10).

In Reply, Plaintiff states that it does not seek to recover general copy costs, costs for multiple copies, or copies of attorney correspondence, none of which would be properly taxable. (DE 380, pgs. 7, 10). Rather, Plaintiff notes that it specified that the copies for which it seeks to tax costs fall into two (2) categories: (1) pleadings that it filed, and which did not relate to claims that were dropped or dismissed; and, (2) copies from discovery which Plaintiff initiated or served. (DE 380, pg. 9). Plaintiff argues that it is entitled to recover all copy costs sought because it has properly documented copies provided to Defendants in response to discovery requests, thereby demonstrating their purpose and necessity, and because all copies, when made, were integral to the case, regardless of whether some of Plaintiff's claims were subsequently abandoned. (DE 380, pgs. 7-8). Plaintiff further states that it does not seek to recover any documents received from other parties via CMECF. (DE 380, pg. 10). In an attempt to emphasize the reasonableness of its request, Plaintiff states that it seeks to be reimbursed at the rate of eight cents ($0.08) per page, which, according to Plaintiff, is less than the approved rate of ten cents ($0.10) to fifteen cents ($0.15). (DE 380, pg. 8, n. 11).

Courts may tax the costs of copies which were "necessarily obtained for use in the case." 28 U.S.C.§ 1920 (4) (2009). *See also EEOC*, 213 F.3d at 622-623; *Desisto College, Inc.*, 718 F. Supp. at 913 (noting that copies of pleadings, discovery, documents provided to the opposing party, and documents prepared for the court's consideration were all taxable); *George*, 2008 WL 2571348 at *2 (*citations omitted*). The party seeking to tax costs for copies must provide evidence "regarding the documents copied including their use or intended use." *George*, 2008 WL 2571348 at *2 (*citations omitted*). The movant must provide information regarding the

13

purpose of the copies so that the court may "determine whether the rates paid for copies were reasonable, whether the copies made were related to the action at issue, and what the copies were for." *See Id*. at *2 (*citing Lee v. American Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000) (denying copying costs where prevailing party failed to provide description of copies, including why rates paid reasonable or how expenses related to case). Unsubstantiated claims that the documents were necessary will not suffice. *See Id*. (*citations omitted*). *See also Ferguson*, 2007 WL 601921 at *4 (noting that the party seeking to tax costs for copies may simply make unsubstantiated claims that the documents were necessary). Although courts may not tax as costs copies made for the convenience of counsel, such as multiple copies, courts may tax the costs of copies made for the purpose of providing them to the court or to opposing counsel. *See George*, 2008 WL 2571348 at *3 (*citations omitted*).

In support of its request for the costs of copies, Plaintiff has included (1) a list of the dates copies were made for discovery and the total numbers of copies made; (2) copies of cover letters which Plaintiff used to accompany copied documents produced during discovery on various dates; (3) an invoice for copying costs incurred on July 18, 2008, showing that some copies were made at the rate of eight cents ($.08) per page, and others were made at the rate of one dollar ($1.00) per page; (4) a summary of the total number of copies provided to the Court; and, (5) a list of copies printed from CMECF during the pendency of the case. (DE 348, exh. E). According to Plaintiff's submissions, Plaintiff's copy totals are as follows: (1) 62,376 pages of copies made in connection with production to Defendants; (2) 19,279 pages of black and white exhibits submitted in binders to the District Court in binders, as well as 278 pages of color exhibits submitted in such binders, as evidenced in the July 18, 2008 invoice; (3) 10,890 pages of

copies in binders submitted to the District Court for trial; (4) 4,775 copies of pages obtained from CMECF; and, (5) 790 pages of copies for discovery filings made by Plaintiff. (DE 348, exh. E).

This Court concludes that Plaintiff's request to tax the copies should be **GRANTED IN PART**. In light of Plaintiff's submissions, it appears that the copies were either made in connection with discovery and produced to opposing counsel, made from pleadings, or prepared and submitted for consideration by the Court, (DE 348, exh. E), all of which are properly taxable. *See Desisto College, Inc.*, 718 F. Supp. at 913 (noting that copies of pleadings, discovery, documents provided to the opposing part, and documents prepared for the court's consideration were all taxable); *George*, 2008 WL 2571348 at *2, *3 (noting that courts may tax the costs of copies made for the purpose of providing them to the court and to opposing counsel) (*citations omitted*).

However, Plaintiff has failed to explain why color copies were needed in connection with copies made for the District Court and submitted in binders, as evidenced by the invoice dated July 18, 2008. (DE 348, exh. A, Itemization and Documentation for Sensormatic's Bill of Costs; DE 348, exh. E). Although the rate of eight cents ($.08) per page is well within the range of reasonable rates for the Southern District of Florida, the one dollar ($1.00) per page rate for the color copies is not. (DE 348, exh. A and E). *See George*, 2008 WL 2571348 at *4 (noting that rates from $.10 to $.14 have been deemed reasonable, but that rates from $.15 to $.19 cents per page have been found unnecessarily high without factual support for the increased rate). Because Plaintiff has failed to provide any factual support of it claim for color copy rate of one dollar ($1.00) per page, this Court concludes that Plaintiff should not be compensated at such rate. Rather, it appears that it would be more appropriate to tax such copies at the rate of fourteen

15

cents ($.14) per page. *See George*, 2008 WL 2571348 at *4.

With regard to the contentions raised by Defendants Phenix and Gaddoniex, although Defendants cite general rules with regard to taxing the costs of copies, Defendants cite no case which stands for the proposition that a court cannot tax costs for copies made in connection with claims that were subsequently abandoned. (DE 377, pgs. 7-10). As a result, such claim is not persuasive. Defendants' contention that Plaintiff failed to properly specify the purpose of the copies is likewise unpersuasive in light of Plaintiff's submissions. (DE 348, exh. A; DE 377, pgs. 7-10).

In light of the foregoing, this Court **RECOMMENDS** that the District Court **GRANT IN PART** Plaintiff's request to tax costs for copies, and tax such costs in the amount of seven thousand, eight hundred eighty-seven dollars and seventy-two cents ($7,887.72).[1]

**Fees for Forensic Examination of Computer (DE 349)**

Finally, Plaintiff seeks fifty-three thousand, eight hundred sixty-four dollars and ninety-one cents ($53,864.91) in costs in connection with a court-ordered forensic examination of computers owned by Defendants Tag and Gaddoniex. (DE 349, pgs. 1-5). In its Verified Alternative Motion, Plaintiff contends that it only agreed to bear the initial expense of the forensic examination, and that it should be entitled to recover the costs because (1) the forensic examination yielded key evidence which lead to the District Court's entry of judgment in favor of Plaintiff; (2) because Plaintiff prevailed at trial, the costs of the forensic examination should properly shift to Defendants; (3) because Stroz Freidberg ("Friedberg") was ordered to conduct

---

[1] Such amount represents the total for 98,110 copies at the rate of $.08 per page, and 278 copies at the rate of $.14 cents per page.

the forensic examination, Freidberg is analogous to a court-appointed expert under 28 U.S.C.§ 1920; and, (4) Friedberg's technical expertise was necessary for the court's understanding of the issues. (DE 349, pgs. 2-4) (*citations omitted*).

In response, Phenix and Gaddoniex contend that (1) during discovery, in an e-mail communication to Defendants, and in a motion to compel, counsel for Plaintiff stated that Plaintiff would pay the fees of the forensic examiner; (2) this Court Ordered Plaintiff to bear the costs of the forensic examiner; (3) Friedberg is not a court appointed expert; (4) no documents from the forensic examination were introduced into evidence at trial, and nothing supports Plaintiff's claim that the District Court relied on any documents from the forensic examination to rule in favor of Plaintiff; (5) although the Court described a specific protocol to be followed for the forensic examination in a discovery order, subsequent to the issuance of such Order, Plaintiff replaced its counsel, the issue was never raised again, and the protocol was never implemented. (DE 377, pgs.11-16; DE 378, pgs. 2-7) (*citing* DE 70, pg. 6; DE 87, pg. 13).

In reply, Plaintiff contends that it is entitled to an award of the costs of the forensic examination because (1) the forensic examination was necessary, as found by this Court in its discovery order; (2) in the discovery order, this Court rejected Defendants' claims of undue cost and burden; and, (3) although Plaintiff agreed to advance the costs of the initial examination during discovery, Plaintiff should be awarded such costs at this stage because Plaintiff is the prevailing party at this time.

According to Plaintiff's submissions, it appears that such examination occurred during late 2007 and early 2008. (DE 348, exh. F).

Nevertheless, this Court concludes that Plaintiff should not be awarded costs in

17

connection with the forensic examination. First, Plaintiff's argument that Freidberg is akin to a court-appointed expert is not well taken. In Plaintiff's Motion to Compel the forensic examination, Plaintiff proposed Freidberg as its own expert who would be able to perform the examination. (DE 70, pg. 4). Indeed, Plaintiff referred to Freidberg as "its third-party technical expert," and in an attachment to the Motion, an individual named Kenneth A. Mendelson stated that Freidberg was retained by counsel for Plaintiff. (DE 70, pg. 2 and exh. 6, ¶ 4). When this Court ruled that the forensic examination should take place, this Court only named Freidberg as the examiner upon the suggestion of Plaintiff. (DE 87, pgs. 3, 6). Nothing in this Court's Omnibus Order, or any other portion of the record or court docket, shows that Freidberg was ever named as a court-appointed expert. (DE 87, pgs. 1-14). Therefore, cases cited by Plaintiff which permit awards of costs for the compensation of court-appointed experts are inapposite.

Next, Plaintiff specifically agreed to bear the costs associated with the forensic examination, and consistent with such agreement, this Court, in its Omnibus Order, ordered Plaintiff to bear such costs. (DE 70, pgs. 2, 6; DE 87, pgs. 3-4, 13). Although Plaintiff contends that it only agreed to bear the "initial expense" of the forensic examination, (DE 349, pg. 2; DE 380, pg. 10), nothing in Plaintiff's Motion to Compel supports such assertion. To the contrary, Plaintiff stated in blanket fashion, without any limitation, that it agreed to "pay for this examination" and "pay the fees of Stroz Freidberg." (DE 70, pgs. 2, 6). Moreover, in letters dated September 18 and September 25, 2007, which are attached to Plaintiff's Motion to Compel, Plaintiff's counsel stated, without limitation, that Plaintiff agreed that the examination would be at "Sensormatic's Cost" and that Sensormatic was "willing to pay the fees of the forensic examiner retained to conduct the forensic inspection." (DE 87, exh.7, pg. 2; exh. 10, pg.

2).

Although the District Court's entry of a Permanent Injunction in favor of Plaintiff renders Plaintiff the prevailing party for purposes of Rule 54 at this juncture, the language contained in the Rule shows that an award of costs is discretionary, not mandatory. *See* Fed. R. Civ. P. 54(d) ("A judge or clerk of any court of the United States *may* tax as costs the following . . .") (*emphasis added*); *Crawford Fitting Co.*, 482 U.S. at 441-442 (discussing discretionary language employed in the Rule, noting that the Rule "is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.") In light of the fact that Plaintiff has, on multiple occasions, expressly agreed to bear the costs of the forensic examination, it would be inequitable to now require Defendants to bear the costs of such examination. As such, this Court **RECOMMENDS** that the District Court **DENY** Plaintiff's request for an award of costs in connection with the computer forensic examination. (DE 349).

## RECOMMENDATION TO THE DISTRICT COURT

In conclusion, this Court **RECOMMENDS** that the District Court **GRANT IN PART** Plaintiff's Bill of Costs, (DE 348), **DENY** Plaintiff's Verified Alternative Motion for Costs, (DE 349), and award Plaintiff costs as follows:

1.) Fees of the Clerk: $350.00

2.) Fees for Service of Summons and Subpoena: $135.00

3.) Fees for Printed or Electronically Recorded Transcripts: $73,845.52

4.) Fees for Witnesses: $903.36

5.) Fees for Exemplification and Copies: $7,887.72

6.) Fees for Forensic Examination of Computer: $0.00

Total Award of Costs: $83,121.60

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Chambers this 19 day of August 2009, at West Palm Beach in the Southern District of Florida.

*/s/ James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, Senior United States District Court Judge for the Southern District of Florida
Counsel of Record